# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KADEJA SAID MOHAMMED,
                              *Petitioner,*

v.                                                        No. 03-1168

JOHN ASHCROFT, Attorney General
                              *Respondent.*

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A76-913-024)

Submitted: September 23, 2003

Decided: October 20, 2003

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**COUNSEL**

Rev. Uduak J. Ubom, UBOM, WHITE & ROBERTS, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Richard M. Evans, Assistant Director, Carl H. McIntyre, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kadeja Said Mohammed, a native and citizen of Ethiopia, petitions for review from an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's decision. We have reviewed the record provided by the parties and the decisions of the Board and the immigration judge.

Mohammed claims the immigration judge erred by finding she was not eligible for asylum because she had resettled in Qatar. Under the regulations, an alien may not obtain asylum if she has been "firmly resettled" in another country. 8 U.S.C. § 1158(b)(2)(A)(vi) (2000); 8 C.F.R. § 208.13(c)(2)(i)(B) (2003). Firm resettlement occurs when an alien has received "an offer of permanent resident status, citizenship, or some other type of permanent resettlement." 8 C.F.R. § 208.15 (2003). Once the evidence indicates that an alien has firmly resettled, the alien bears the burden of proving by a preponderance of the evidence that she has not resettled. 8 C.F.R. § 208.13(c)(2)(ii). We find the record clearly indicates Mohammed resettled in Qatar. We further find Mohammed did not meet her burden of showing she had not resettled.

Mohammed also claims the immigration judge erred by finding her not credible. Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. *Figeroa v. INS*, 886 F.2d 76, 78 (4th Cir. 1989). We find the immigration judge's findings are supported by substantial evidence.

The standard for receiving withholding of removal is "more stringent than that for asylum eligibility." *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). As Mohammed failed to establish entitlement to asylum and was found not credible, she cannot satisfy the higher standard for withholding of removal.

We accordingly deny the petition for review. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*